PER CURIAM.
For a second time this family squabble by the children of decedent, Essie Sue Yelvington, makes its appearance in this Court. See In Re Estate of Yelvington, 280 So.2d 497 (Fla.App.1st 1973.)
The previous controversy involved the question of which of two wills was to be probated. One will executed by decedent in 1966 favored appellee Conrad Yelving-ton; another will executed in 1970 divided decedent’s property equally among her surviving children. In reversing, this Court directed the trial court to probate the latter will.
*34 The instant suit for recission and cancellation filed by appellee Conrad Yelvington involves the “old homeplace” of decedent. The will that we directed to be admitted into probate was executed on August 13, 1970. On December 9, 1970, the same attorney who had prepared the will drafted a warranty deed conveying to appellant Genevieve Bowman the “old • homeplace”. The legal description included a portion of land that appellee Conrad Yelvington had utilized for many years in developing a successful trucking business and upon which he had made substantial improvements. The attorney that drafted the conveyance testified that the decedent desired to deed this property to Genevieve in order to provide a homeplace for her unmarried children. The attorney further testified that at the time he inserted the legal description, he was not sure whether there were buildings on the property other than the home.
The trial judge, after hearing the foregoing and other corroborating evidence, in reforming the subject deed, held: 1) that the front part of the property which contained the old homeplace had been deeded to Genevieve as trustee for the use and benefit of all of the children of Essie Sue Yelvington; and 2) as to the back part of the property which contained all of the improvements which had been constructed thereon by Conrad, the trial court imposed a lien of $33,850.00 in favor of appellee Conrad Yelvington, foreclosed same, and directed that it be sold at public sale.
The basic point on appeal is: Was the judgment of the trial court under the facts and the circumstances clearly erroneous? After fully reviewing this extensive record, it is our conclusion that the trial court reached a just and equitable judgment in accord with the jurisprudence of this state.
The judgment appealed is affirmed.
RAWLS, C. J., and JOHNSON, J., concur.
McCORD, J., specially concurs.